IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Matthew Serrano, Brittany Roberts, and the Conjugal Society Formed by Both.<br><br>Plaintiffs<br><br>V<br><br>Airbnb, Inc.; Pedro L. Santiago Ortiz, Jackeline Cotto González, and the Conjugal Society Formed by Both; Sunrise Serenity LLC d/b/a Sunrise Serenity; X Company; Y Insurance Company.<br><br>Defendants | CIVIL No.<br><br>Plaintiffs demand Trial by Jury |

COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs Matthew Serrano, Brittany Roberts and the conjugal society formed by both, represented by the undersigned attorneys and before this Honorable Court respectfully allege and pray as follows:

## I. THE PARTIES

1. Plaintiffs **Matthew Serrano** and **Brittany Roberts** are of legal age, married to each other and domiciled in the State of Washington.

2. Mr. Serrano and Mrs. Roberts are the members of the Serrano Conjugal Society.

3. Co-defendants **Pedro L. Santiago Ortiz** and **Jackeline Cotto González** are of legal age, married to each other, and domiciled in Puerto Rico.

4. Pedro L. Santiago Ortiz and Jackeline Cotto González are the members of the Santiago Cotto Conjugal Society.

5. Pedro Luis Santiago Ortiz, Jackeline Cotto González and the conjugal society formed by both, at the time of the accident described in the complaint, were the owners of the apartment unit where Matthew Serrano suffered his accident and was rented to the Plaintiffs via the Airbnb marketing platform.

6. Co-defendant, **Sunrise Serenity LLC**, ("Sunrise Serenity")is a legal entity created under the laws of Puerto Rico with the capacity to sue and be sued. The main office's physical address is as follows: Costa Brava Carr. #30 BO Los Machos Km 52.5, Edif. 8 Apt 402 Ceiba PR, CEIBA, PR, 00735. The main office's postal address is as follows: Urb. Estancias del Bosque Calle Nogales #571, Cidra, PR 00739.

7. Co-defendant Pedro L. Santiago Ortiz is the sole member of Sunset Serenity LLC.

8. Pedro L. Santiago Ortiz and Jackeline Cotto González, at the time of the accident described in this complaint, were the registered owners, operators and administrators of a property

located in Ceiba, Puerto Rico that they use, under the commercial name Sunrise Serenity to generate profits via short term rentals, and that was promoted via the Airbnb, Inc. marketing platform using the name "Sunrise Serenity".

9.Co-defendant **Airbnb, INC.** (hereinafter "Airbnb") is a Delaware Corporation with principal place of business in San Francisco, California, managing and operating an online marketplace for short-term homestays and tour experiences. Airbnb serves clients throughout the United States, including the Commonwealth of Puerto Rico.

10. Co-defendant Airbnb serves property owners and clients, like the Plaintiffs and Defendants worldwide to promote and generate profits for short term rentals of real estate.

11.X Company is the fictitious name used to denominate another company that also operates, supervises and manages together with the rest of the Defendants the "Sunrise Serenity" apartment unit, and that is also responsible to the Plaintiffs for the accident and damages suffered as described in this complaint. Once the identity of said company is made known, the complaint may be amended so as to include the proper company Defendant as an additional defendant to this complaint.

12. Y Insurance Company, is the fictitious name used to denominate the currently unknown insurance company that at the time of the accident described in this complaint had issued and

had in full force and effect, as per the terms and conditions of the issued insurance policy, a liability insurance policy to cover the legal liability of one or more of the above-named Defendants. Once the identity of said insurance company is made known, the complaint may be amended so as to include the proper insurance company Defendant as an additional defendant to this complaint.

## II. JURISDICTION AND VENUE

13. This Court has jurisdiction pursuant to 28 U.S.C., Section 1332(a)(1) because this is an action for damages between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

14. Pursuant to 28 U.S.C., Section 1391(a)(2), venue of this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in Puerto Rico on July 3, 2025.

## III. FACTS AND DAMAGES

15. Plaintiffs Matthew Serrano and Brittany Roberts had booked the Sunrise Serenity apartment in Costa Brava, Ceiba, PR., for a short-term vacation from July 2 until July 8, 2025, using the Airbnb platform.

16. On July 3, 2025, at approximately 7:15 a.m., Matthew Serrano stepped into the master room shower. As he closed the glass

shower door to take a shower, through no fault of Mr. Serrano, the glass shower door suddenly and unexpectedly shattered.

17. The explosion like shattering caused the glass of the shower door to shatter into countless pieces and go everywhere. Shards of glass flew and struck Mr. Serrano's body causing multiple cuts and lacerations on his feet, waist and left hand, and the loss of a considerable amount of blood.

18. As a result of the abrupt glass explosion, Matthew had to undergo emergency medical care. Matthew's injuries required debridement, stitches, and surgery, which also caused permanent scars on his injured hand.

19. Matthews's left-hand injury required surgery including, but not limited to, the repair of a tendon and nerves in his hand.

20. Matthew's injuries resulted in significant and disfiguring scarring, nerve damage, loss of strength, permanent scaring, and continue to cause him significant pain and suffering.

21. Matthew continues to experience significant pain in his left hand which has made it very difficult for him to perform many daily functions without significant pain, that he could perform before the accident.

22. As a result of the accident, Matthew has suffered extreme pain and mental anguish. To this date, he feels in pain, and continues to experience significant movement limitations on his left hand. He now suffers from permanent damages and impairments.

He no longer is able to enjoy many activities and pleasures of life to the same extent as he was able to enjoy prior to the accident.

23. The value of all of Matthew's damages related his injuries, including past, present, and future pain, embarrassment, physical harm, and mental anguish, is estimated in a sum in excess of **TWO HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($225,000).**

24. As a result of the accident Brittany Roberts also suffered. She suffered seeing her husband in pain and with marked limitations. This has caused her to also suffer mental anguish as well.

25. She also suffered at not being able to enjoy to the same extent various activities and pleasures of life that she was able to enjoy and carry out with her husband prior to the accident.

26. The damages suffered by Brittany Roberts as a result of the Defendants negligence is reasonably estimated in a sum in excess of **ONE HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($125,000).**

## IV. ECONOMIC DAMAGES

27. The conjugal society composed by both has incurred and will have to incur in unwanted medical treatments, evaluations, and expenses as a result o the Accident.

28. The accident and the intensity of Matthew's pain ruined the Plaintiffs' family vacation in Puerto Rico.

29. Plaintiffs have incurred, and will continue to incur, additional special economic damages. They were forced to pay, and will be forced to pay in the future, unwanted expenses including medical, liens, travel, and other miscellaneous costs related to this accident, in an amount estimated **in excess of FIFTEEN THOUSAND DOLLARS ($15,000)**, which is also owed to the Conjugal Society of plaintiffs by the Defendants.

30. Plaintiffs would not have incurred these additional expenses if the accident had not occurred as a result of the Defendants' negligence and that of their employee(s).

## V. LIABILITY OF THE DEFENDANTS

31. The accident resulting in the serious, severe and permanent damages to the Plaintiffs was caused by the exclusive fault and/or negligence of the Defendants. The Defendants had a duty towards the Plaintiffs to keep them safe from harm.

32. As owner, operator and manager of a property that he uses for commercial purposes and for profit, Defendants and/or Sunrise Serenity, are required to maintain premises that they rent for profit in such condition so that their guests do not suffer injuries due to negligence.

33. Defendants' failure to properly select, install, inspect, and maintain the glass shower door that shattered upon

and injured Matthew Serrano evidences a wanton disregard for the life and safety of the Plaintiffs.

34. The duty of care owed by Defendants' required the defendants to maintain its premises in such conditions that their guests will not suffer foreseeable injuries.

35. Specifically, Defendants operating a short term rental business for profit, owed a duty to the Plaintiffs to maintain the premises, including the bathroom glass shower door, in a condition such that Mr. Serrano would not be injured during normal use of the space, or any portion thereof.

36. The accident would not have happened if not for the joint fault and negligence of the Defendants.

37. Airbnb is also responsible to the Plaintiffs under the economic benefit theory since it enjoyed a profit at the expense of the plaintiffs.

38. At the very least, Airbnb should have required that their contracting host maintain the property that was to be used by paying guests well maintained and in safe conditions, and without dangerous conditions such as the defectively maintained shower glass door. Airbnb failed to act and is thus also jointly responsible with the rest of the Defendants for the occurrence of the accident.

39. As per the previous averments, the defendants failed to carry out their responsibilities and obligations as host,

administrator, manager, and owner by not inspecting, correcting, repairing, eliminating, maintaining and/or fixing the dangerous condition of a defectively installed and maintained glass shower door, which caused the glass door to explode and injure Mr. Serrano.

40. Airbnb placed profits for their company before the safety of guests. It did not require their property owners to provide hazard-free property to guests like the Plaintiffs, nor did they even bother to ensure that the property was safe for the Plaintiffs.

41. All insurance company Defendants, as per the dispositions of the Insurance Code of Puerto Rico are also directly liable to the Plaintiffs as per the terms of the insurance policies in effect at the time of the accident, for the accident caused by the negligence of the defendants.

42. All Defendants are thus jointly responsible for the accident and all damages suffered by the Plaintiffs.

43. Plaintiffs demand trial by jury.

**WHEREFORE**, it is respectfully requested that this Honorable Court enter judgment for Plaintiffs, for the relief demanded in the complaint with the imposition of reasonable attorneys' fees and costs.

RESPECTFULLY Submitted.

In San Juan, Puerto Rico, this 2nd day of July 2026.

**RIVERA-ASPINALL, GARRIGA**
**& FERNANDINI LAW FIRM**
Attorneys for Plaintiffs
1647 Adams Street
Summit Hills
San Juan PR 00920
Telephone: (787) 792-8644

***S/Julian Rivera Aspinall***
Julian Rivera-Aspinall
USDC# 208506
Email: aspinall@ragflaw.com